IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RAUL LONGORIA,** | |
| **Plaintiff,** | **8:21CV362** |
| **vs.** | |
| **CITY OF FREMONT; ANDREW DIXSON, individually and in his official capacity as a police officer; and DOMINIC SAVIO, individually and in his official capacity as a police sergeant;** | **AMENDED STIPULATED PROTECTIVE ORDER** |
| **Defendants.** | |

WHEREAS, Plaintiff, RAUL LONGORIA (hereinafter "Plaintiff") filed this action against Defendants, CITY OF FREMONT, ANDREW DIXSON, Individually and in his official capacity as a police officer, and DOMINIC SAVIO, individually and in his official capacity as a police sergeant, (hereinafter collectively, "Defendants"); and

WHEREAS, certain documents to be produced in this action are claimed by the parties to contain proprietary material, sensitive material, and/or other confidential information; and

WHEREAS, the parties desire to preserve the confidentiality of such information and agree to refrain from disseminating said information to the public or otherwise;

IT IS HEREBY agreed that the Court may enter the following Protective Order.

**IT IS HEREBY ORDERED THAT:**

1.      The term "Confidential Information" as used in this Protective Order shall refer to those documents designated as "Confidential" or "Subject to Protective Order" including, but not limited to, individual personnel files and employment information; investigative records/reports; medical records; and other documents that would be a reasonable logical extension thereof; those documents as described below; as well as the substance of any information obtained from such

documents that are claimed by the parties to contain proprietary material, sensitive material, and/or confidential information.

2.     "Confidential Information" has been designated by:

(a)     Typing, stamping or imprinting upon the document the following words: "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER;" and

(b)     Applying such in a manner so as not to obscure any information contained therein.

3.     All information and documents designated as Confidential shall be accorded confidential status until such time as determined otherwise pursuant to the following provisions of the Protective Order.

4.     Any notes, lists, memoranda, indices, compilations prepared or based on an examination of Confidential Information and any summaries of Confidential Information, which quote from, identify or refer to the Confidential Information with such specificity that the Confidential Information can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying Confidential Information from which they are made and shall be subject to all of the terms of the Protective Order.

5.     All Confidential Information used for this litigation shall not be used for any personal, business, commercial or competitive purposes, may be disclosed only to the following individuals or entities listed below, and shall not be revealed, discussed or disclosed in any manner or in any form, to any person, entity, publication or judicial tribunal other than:

(a)     The Court and Court personnel, including court reporters retained by the parties;

(b)     Counsel named as representing the parties;

(c)    An employee of Counsel named as representing the parties to whom it is necessary that the material be shown for purposes of litigation;

(d)    Officers, directors or employees of a party who have the need to know such information for purposes of this litigation;

(e)    Experts or professional advisors and persons regularly employed in their offices retained by a party to assist in the prosecution or defense of this action, but only to the extent necessary for such person to perform their assigned tasks in connection with this action;

(f)    Persons shown on the face of the document to have authored or received it; and

(g)    Any other person to whom the parties agree in writing.

6.    All persons who receive Confidential Information and/or material or information accorded the status of confidentiality in this action shall:

(a)    Maintain the confidentiality of such material and information in accordance with the terms of this Protective Order; and

(b)    Not release or disclose the Confidential Information or the nature, substance or contents thereof to competitors of the parties or others who would or could exploit it for their own economic benefit.

7.    Copies of discovery responses and documents containing Confidential Information shall be provisionally filed under restricted access with the filing party's motion for leave to file restricted access documents. A party seeking to file such material under restricted access must comply with the court's rules and electronic docketing procedures for filing such motions.

8.    In the event that any document, deposition testimony, deposition exhibit, interrogatory, answer thereto, exhibit or attachment to an interrogatory or answer, request for production, answer to request for production, documents and/or exhibits accompanying a document request or answer, request for admission or response thereto,

motion, memorandum, affidavit, brief or any other submission by any party is filed with the Court which includes, incorporates or quotes Confidential Information, such filings shall be provisionally filed under restricted access with the filing party's motion for leave to file restricted access documents. A party seeking to file Discovery Material under restricted access must comply with the court's rules and electronic docketing procedures for filing such motions.

9.     To the extent that any Confidential Information is used in the taking of depositions, such Confidential Information shall remain subject to the provisions of this Protective Order. At the time any Confidential Information is used in any deposition, Counsel using the Confidential Information must inform the reporter of this Protective Order. The reporter shall operate in a manner consistent with this Protective Order and shall separately label the confidential portions of the deposition transcript, including documents and other exhibits containing Confidential Information.

10.     The parties may designate depositions or other testimony concerning the documents and the information contained therein as Confidential Information by:

    (a)     Stating orally on the record the day the testimony is given that the information is expected to be "confidential;" and

    (b)     Sending written notice designating by page and line the portions of the transcript of the deposition or other testimony to be treated as "Confidential," within 10 days after receipt of the transcript.

The reporter shall operate in a manner consistent with this Protective Order and shall prepare a separate transcript containing the confidential portions of the deposition, including documents and other exhibits containing Confidential Information.

11.     Any party may apply to the Court for the imposition of further limitations upon the disclosure of specific information if such party deems further limitations are required in

specific instances. Any party may apply to the Court for relief from limitations if such party deems such relief is required in specific instances.

12.    The execution of this Protective Order shall not in any way detract from the right of a party to object to the production of discovery materials on grounds other than confidentiality.

13.    Failure by a party to challenge the confidentiality of any document or information at the time of receipt thereof shall not preclude a subsequent challenge thereto. In the event a party to this litigation disagrees with the designation of any information as confidential, the parties shall attempt to dispose of such dispute in good faith on an informal basis. If the disagreement cannot be resolved in this fashion, the party contesting the confidentiality of the material may, by sealed motion setting forth with specificity the items challenged, seek an Order freeing the material in question from the designation as Confidential Information. The party asserting that documents or other tangible litigation materials constitute Confidential Information shall bear the burden of proof that the terms of this Protective Order apply. Any information as to which such Motion is made shall remain Confidential Information under the provisions of this Protective Order until further Order of the Court.

14.    At the conclusion of this case, including appeal, counsel for each of the parties shall, upon written request by the Designating Party, within 60 days of said request, destroy (and certify such destruction) or return to the other party all Confidential Information and all copies thereof that each has received pursuant to this Protective Order, whether obtained during the course of pretrial discovery or at trial. Notwithstanding this paragraph, counsel may for professional purposes retain copies of transcripts, commission filings,

correspondence and other attorney work product that incorporate Confidential Information, but any such documents shall remain Confidential Information and subject to the restrictions contained in this Protective Order. In addition, the Clerk may return to counsel or destroy (and certify such destruction) any sealed material in its possession upon such time as all proceedings are complete, including any final appeals. The parties consent to the continuation of jurisdiction and venue of this Court to resolve any disputes arising from the treatment or disposition of Confidential Information after conclusion of this litigation.

15.     This Protective Order shall not be abrogated, modified, amended or enlarged except by agreement of the parties or by Motion, with notice given to each of the parties.

16.    Nothing contained herein shall restrict the presentation of any evidence, including "Confidential Information," to a jury or the Court during a trial or other hearing of this action. However, such presentation shall not constitute a waiver of any restrictions provided for in this Protective Order and the parties agree to take reasonable steps to maintain the confidentiality of any Confidential Information at any hearing or upon trial of this matter in such a manner and until such time as the Court may direct and/or as the parties may otherwise agree.

**SO ORDERED THIS 28th** day of April 2022.

BY THE COURT:

_____
Michael D. Nelson
United States Magistrate Judge

REQUESTED AND STIPULATED TO BY COUNSEL FOR THE PARTIES:

RAUL LONGORIA,
Plaintiff,

By:     s/ Joy Shiffermiller
Joy Shiffermiller, #18164
SHIFFERMILLER LAW OFFICE, P.C., L.L.O.
1002 G Street
Lincoln, Nebraska 68508
Telephone: (402) 484-7700
Email: *joy@shifermillerlaw.com*

CITY OF FREMONT, ANDREW
DIXSON, DOMINIC SAVIO,
Defendants,

By:     s/ Molly J. Miller
Molly J. Miller, #25613
Travis M. Jacott, #26344
ADAMS AND SULLIVAN. P.C., L.L.O.
1246 Golden Gate Drive, Suite 1
Papillion, Nebraska 68046-2843
Email: *miller@adamsandsullivan.com*
*jacott@adamsandsullivan.com*